UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN EDWARDS, CDCR #V-17007,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, Warden;<br>B.D. PHILLIPS, Associate Warden;<br>D. LEWIS, Associate Warden;<br>EDGAR GARCIA, Facility Captain,<br><br>　　　　　　　　　　Defendants. | Case No.: 3:21-cv-1157-DMS-WVG<br><br>**1) SCREENING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**<br><br>**AND**<br><br>**2) DIRECTING CLERK OF COURT TO ISSUE A SUMMONS PURSUANT TO Fed. R. Civ. P. 4(b)** |

　　　Plaintiff Allen Edwards, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, California, is proceeding pro se in this case pursuant to 42 U.S.C. § 1983.

**I.　Procedural Background**

　　　Together with his Complaint, Plaintiff filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a). *See* ECF No. 2. On July 29, 2021, the Court denied Plaintiff's Motion because the financial affidavits he submitted in support failed to demonstrate he was unable to pay civil filing fees and dismissed the case based on his failure to satisfy 28 U.S.C. § 1914(a)'s fee requirement. However, the Court granted

Plaintiff leave to re-open his case by paying the full $402 fee by September 20, 2021. *Id.* at 5–6. Plaintiff was also cautioned that if he elected to proceed by paying the fee, his Complaint would nevertheless be subject to a mandatory initial screening pursuant to 28 U.S.C. § 1915A. *See id.* at 5 n.4. Plaintiff has since paid the filing fee. *See* ECF No. 9, Receipt No. CAS131537.

**II.    Initial Screening**

   A.    Standard of Review

Plaintiff's Complaint is subject to preliminary review because he is a prisoner and seeks "redress from a governmental entity or officer or employee of a governmental entity." *See* 28 U.S.C. § 1915A(a). Section 1915A "mandates early review—'before docketing [] or [] as soon as practicable after docketing'—for all complaints 'in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.'" *Chavez v. Robinson*, 817 F.3d 1162, 1168 (9th Cir. 2016) (quoting 28 U.S.C. § 1915A(a)). The required screening provisions of § 1915A apply to all prisoners, no matter their fee status, who bring suit against a governmental entity, officer, or employee. *See, e.g. Resnick v. Hayes*, 213 F.3d 443, 446-47 (9th Cir. 2000).

"On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *Olivas v. Nevada ex rel. Dept. of Corr.*, 856 F.3d 1281, 1283 (9th Cir. 2017). "The purpose of § 1915A is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citation omitted).

   B.    Discussion

Plaintiff alleges RJD's Warden Pollard, Associate Wardens Phillips and Lewis, and Facility Captain Garcia violated his Eighth Amendment rights when they placed other inmates infected with CoVID-19 in his housing unit, ignored public health orders, failed to adopt social distancing and other cleansing measures, and neglected to enforce staff mask

mandates. As a result, Plaintiff contracted the virus on December 8, 2020, claims he was provided no medical treatment or assistance after he became ill and "was left for dead in [his] cell." *See* Compl., ECF No. 1 at 2–5. Plaintiff seeks injunctive relief "from ongoing deliberate indifference towards exposure to CoVID-19," as well as unspecified amounts of compensatory and punitive damages. *Id.* at 9.

The Eighth Amendment prohibits the infliction of "cruel and unusual punishments." U.S. Const. Amend. VIII. In order to state a plausible Eighth Amendment claim for relief, a Plaintiff must allege facts sufficient to show that Defendants acted with 'deliberate indifference.'" *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1068 (9th Cir. 2016); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A prison official acts with 'deliberate indifference ... only if the [prison official] knows of and disregards an excessive risk to inmate health and safety.'" *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *Gibson v. Cnty. of Washoe*, 290 F.3d 1175, 1187 (9th Cir. 2002), *overruled on other grounds by Castro*, 833 F.3d at 1076. "Under this standard, the prison official must not only 'be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the inference.'" *Id.* (quoting *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). Prison officials have a duty to protect inmates from communicable diseases. *See e.g., Helling v. McKinney*, 509 U.S. 25, 33 (1993) (finding prison officials may not "be deliberately indifferent to the exposure of inmates to a serious, communicable disease"); *Hutto v. Finney*, 437 U.S. 678, 682-83 (1978) (affirming a finding of an Eighth Amendment violation where a facility housed individuals in crowded cells with others suffering from infectious diseases, such as Hepatitis and venereal disease, and the individuals' "mattresses were removed and jumbled together each morning, then returned to the cells at random in the evening"); *Andrews v. Cervantes*, 493 F.3d 1047, 1050 (9th Cir. 2007) (recognizing a cause of action under the Eighth Amendment and 42 U.S.C. § 1983 for an alleged policy of not screening inmates for infectious diseases—HIV, Hepatitis C, and Heliobacter pylori—and for housing contagious and healthy individuals together during a known "epidemic of hepatitis C"); *cf. Maney v. Hall*, 516 F. Supp. 2d

3

3:21-cv-1157-DMS-WVG

1161, 1182 (D. Or. 2021) ("By prioritizing those working in correctional settings over AICs [adults in custody] living in correctional settings, and by prioritizing those living and working in other congregate care settings over AICs living in a congregate care setting, Defendants have demonstrated deliberate indifference to the serious risk of harm faced by AICs.").

Plaintiff has alleged a plausible Eighth Amendment claim against Defendants Pollard, Phillips, Lewis, and Garcia based on these precedents. *See Iqbal*, 556 U.S. at 678. Specifically, Plaintiff claims he is "gravely mentally disabled," and housed in a specialized "EOP" program designed to treat and care for prisoners who are "unable to care for themselves." *See* Compl. at 5. He further claims to suffer from pre-existing conditions like obesity, asthma, and other "respiratory issues, all of which increased [his] risk of death" should he contract CoVID-19. *Id.* at 3. Plaintiff contends Defendants were aware of his health conditions and his risk of exposure due to an inmate grievance he filed "in December 2020," and because "over a thousand prisoners and staff [had been] infected with CoVID-19." *Id.* Nevertheless, Plaintiff claims Defendants "refused to separate" infected prisoners from non-infected prisoners in common areas, allowed "infected prisoners to reside in the same housing unit" with uninfected prisoners, and failed to heed "public health orders" regarding social distancing and mask mandates. *Id.* at 3, 4. As a result, Plaintiff claims he contracted the disease on December 8, 2020, and suffered four days of chest pain, difficulty breathing, bone aches, diarrhea, loss of appetite, and his sense of smell. *Id.* at 3.

Taken together and liberally construed, these allegations "are sufficient to warrant ordering [Defendants] to file an answer" because they survive the "low threshold" required to plead a plausible claim for relief under the Eighth Amendment. *See* 28 U.S.C. § 1915A(b); *Wilhelm v. Rotman*, 680 F.3d 1113, 1116, 1121, 1123 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).").

However, it does not appear Plaintiff has requested that the Clerk issue a summons, "present[ed] a summons to the clerk for signature and seal" pursuant to Fed. R. Civ. P.

4

4(b), or has yet to execute service of his Complaint upon any of the named Defendants. *See Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (absent a specific request and court order that the U.S. Marshal effect service on their behalf pursuant to Fed. R. Civ. P. 4(c)(3), persons who prepay civil filing fees "remain[] responsible for timely service."); *Omni Capital Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987) ("Before a ... court may exercise personal jurisdiction over a defendant, the procedural requirement of service of summons must be satisfied.").

### III. Conclusion and Order

Accordingly, the Court sua sponte **DIRECTS** the Clerk of the Court to issue a summons upon Defendants Pollard, Phillips, Lewis, and Garcia pursuant to Fed. R. Civ. P. 4(b) so that Plaintiff may execute service upon them as required by Fed. R. Civ. P. 4(c). Plaintiff must personally serve Defendants within 90 days of this Order, and file proof of that service pursuant to Fed. R. Civ. P. 4(*l*), or procure a waiver of personal service as to each of these Defendants pursuant to Fed. R. Civ. P. 4(d) within 90 days, or face dismissal without prejudice based on his failure to prosecute pursuant to Fed. R. Civ. P. 4(m).[1]

**IT IS SO ORDERED.**

Dated: October 13, 2021

Hon. Dana M. Sabraw, Chief Judge
United States District Court

---

[1] Because Plaintiff is *not* proceeding IFP pursuant to 28 U.S.C. § 1915, he remains "responsible for having the summons and complaint served within the time allowed by Rule 4(m)" now that his pleading has survived the sua sponte screening required by 28 U.S.C. § 1915A. *See* Fed. R. Civ. P. 4(c)(1). The Court has tolled Rule 4(m)'s time limit for service while it conducted that screening. *See Butler v. Nat'l Cmty. Renaissance of California*, 766 F.3d 1191, 1204 n.8 (9th Cir. 2014) (noting that "[o]ther federal circuit courts of appeals have held that the [90]–day service period is tolled until the court screens a plaintiff's in forma pauperis complaint and authorizes service of process") (citing *Robinson v. Clipse*, 602 F.3d 605, 608 (4th Cir. 2010); *Urrutia v. Harrisburg Cnty. Police Dep't*, 91 F.3d 451, 459 (3d Cir. 1996)).