UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN EDWARDS, CDCR #V-17007, <br><br> Plaintiff, <br><br> vs. <br><br> MARCUS POLLARD, Warden; <br> B.D. PHILLIPS, Associate Warden; <br> D. LEWIS, Associate Warden; <br> EDGAR GARCIA, Facility Captain, <br><br> Defendants. | Case No.: 3:21-cv-1157-JO-WVG <br><br> **ORDER DISSOLVING ORDER TO SHOW CAUSE, GRANTING MOTION FOR U.S. MARSHAL SERVICE PURSUANT TO Fed. R. Civ. P. 4(c)(3) AND EXTENDING TIME TO EFFECT SERVICE PURSUANT TO Fed. R. Civ. P. 4(m)** <br><br> **[ECF Nos. 13, 15]** |

I.  **BACKGROUND**

Plaintiff Allen Edwards, currently incarcerated at Richard J. Donovan Correctional Facility ("RJD") in San Diego, is proceeding pro se in this case pursuant to 42 U.S.C. § 1983. *See* Compl., ECF No. 1. Plaintiff is not proceeding in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a)—he has instead prepaid the $402 civil and administrative filing fee required by 28 U.S.C. § 1914(a). *See* ECF No. 9, Receipt No. CAS131537.

On October 13, 2021, the Court screened Plaintiff's Complaint sua sponte as required by 28 U.S.C. § 1915A, and found he alleges claims sufficient to clear the "low threshold" required to plead a plausible claim for relief under the Eighth Amendment. *See*

1

ECF No. 10 at 4 (quoting *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012)). The Court also noted that Plaintiff remained "responsible for having the summons and complaint served within the time allowed by [Federal] Rule [of Civil Procedure] 4(m) now that his pleading has survived the *sua sponte* screening required by 28 U.S.C. § 1915A." *See id.* at 5 & n.1 (citing Fed. R. Civ. P. 4(c)(1)). Accordingly, the Court directed the Clerk to issue a summons upon Defendants Pollard, Phillips, Lewis, and Garcia pursuant to Fed. R. Civ. P. 4(b), and ordered Plaintiff to execute service upon them within 90 days. *See* ECF No. 10 at 5. Plaintiff was warned that if he failed to file proof of service within 90 days, his case would be dismissed without prejudice for failing to timely prosecute pursuant to Federal Rule of Civil Procedure 4(m). *Id.*

On February 8, 2022, after the 90 days provided by Fed. R. Civ. P. 4(m) elapsed without proof of service upon any Defendant, the Court ordered Plaintiff, on or before March 7, 2022, to show cause why his case should not be dismissed without prejudice for failure to prosecute. *See* ECF No. 13 ("OSC") at 2 (citing Fed. R. Civ. P. 4(m); S.D. Cal. Civil LR 41.1.a).

On February 11, 2022, Plaintiff filed a response to the Court's OSC requesting that the Court direct the U.S. Marshal to effect service on his behalf. *See* ECF No. 14 at 1. Plaintiff claims he "served a waiver of service on Defendants on or about November 15, 2021," but Defendants "failed and refused to comply by returning the waiver in the self[-]addressed stamped envelope that Plaintiff also provided." *Id.* at 1–2. In a separate motion filed just six days later, Plaintiff repeats his requests for U.S. Marshal service due to a COVID-19 outbreak in RJD and subsequent institutional lockdown limiting his access to the law library and causing mail processing delays. *See* ECF No. 15 at 1–2.

/ / /
/ / /
/ / /
/ / /
/ / /

## II. MOTION FOR U.S. MARSHAL SERVICE

Rule 4 of the Federal Rules of Civil Procedure provides:

> [i]f a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). "In the absence of service of process (or waiver of service by the defendant) . . . a court ordinarily may not exercise power over a party the complaint names as a defendant." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999); *Crowley v. Bannister*, 734 F.3d 967, 974–75 (9th Cir. 2013) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed. R. Civ. P. 4.") (citations omitted).

A party proceeding IFP is entitled to have the summons and complaint served by the U.S. Marshal, but Plaintiff is not proceeding IFP in this case. *See* ECF Nos. 8, 9; *Puett v. Blandford*, 912 F.2d 270, 273 (9th Cir. 1990); 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [IFP] cases."). However, Federal Rule of Civil Procedure 4 permits a plaintiff to request that service "be made by a United States marshal or deputy marshal or by a person specially appointed by the court." Fed. R. Civ. P. 4(c)(3).

"In exercising this discretion, courts have been mindful that Congress amended Rule 4 'primarily to relieve United States marshals of the burden of serving summonses and complaints in private civil actions.'" *Bax v. Executive Office for U.S. Attorneys*, 216 F.R.D. 4, 4 (D.D.C. 2003) (quoting *Lovelace v. Acme Mkts., Inc.*, 820 F.2d 81, 83 (3d Cir. 1987)); *Boudette v. Barnette*, 923 F.2d 754, 757 (9th Cir. 1991) (noting that the legislative history of Rule 4 shows congressional intent "to relieve the marshal of the duty of routine[] servi[ce]" in private civil actions); *see also Oliver v. City of Oceanside*, No. 16-CV-00565-BAS (JLB), 2016 WL 8730533, at *1 (S.D. Cal. July 1, 2016).

///

"Accordingly, courts have held that a plaintiff requesting service by the United States Marshal first must attempt service by some other means authorized by Rule 4." *Bax*, 216 F.R.D. at 4; *Jones v. Goodman*, No. Civ. A. 91-7560, 1992 WL 185634, at *1 (E.D. Pa. July 21, 1992) ("[B]efore this court invokes the resources of the government to effect service of process in this matter, plaintiff must first exert some effort to complete service."). Thus, a Rule 4(c)(3) application "should set forth whatever steps to serve process already have been taken," and "provide a factual basis for why a court order is necessary to accomplish service." Wright & Miller, 4A FED. PRAC. & PROC. CIV. § 1090 (4th ed.); *see also Hollywood v. Carrows California Family Restaurants*, No. CV 18-2098-JGB (GJS), 2018 WL 7461690, at *1 (C.D. Cal. Apr. 26, 2018) (quoting *Prosperous v. Todd*, No. 8:17-cv-996-T, 2017 WL 2291367, at *1 (M.D. Fla. May 25, 2017)).

Here, Plaintiff claims he attempted to effect service upon Defendants by requesting waivers of personal service pursuant to Fed. R. Civ. P. 4(d)(1) on November 15, 2021, but Defendants "failed and refused to comply by returning th[ose] waiver[s]." *See* ECF No. 14 at 1. He further claims circumstances related to the COVID-19 pandemic and restrictions placed on his movement while incarcerated justify Marshal service in his case. *See* ECF No. 15 at 1, 2. Service by a United States Marshal may be appropriate "in circumstances a plaintiff is incarcerated or where a law enforcement presence appears necessary to keep the peace." *Oliver*, 2016 WL 8730533, at *1 (citing William W. Schwarzer et al., Cal. Practice Guide: FED. CIV. PRO. BEFORE TRIAL ¶ 5:83 (The Rutter Group 2014)).

### III. CONCLUSION AND ORDERS

Accordingly, the Court DISSOLVES its February 8, 2022 Order to Show Cause (ECF No. 13), finds good cause to extend the time permitted for service under Fed. R. Civ. P. 4(m) in this case, and GRANTS Plaintiff's Motion for U.S. Marshal Service (ECF No. 15).

The Court further:

1) DIRECTS the Clerk to issue a new summons as to Plaintiff's Complaint (ECF No. 1) upon Defendants POLLARD, PHILLIPS, LEWIS, and GARCIA and forward it to

Plaintiff along with a blank U.S. Marshal Form 285 for each of these Defendants. In addition, the Clerk will provide Plaintiff with a certified copy of this Order, another certified copy of his Complaint, and the new summons so that he may serve them upon these four named Defendants. Upon receipt of this "IFP Package," Plaintiff must complete the Form 285s as completely and accurately as possible, *include an address where each Defendant may be served*, *see* S.D. Cal. CivLR 4.1.c, and return them to the United States Marshal according to the instructions the Clerk provides in the letter accompanying his IFP package, no later than March 25, 2022.

2) ORDERS the U.S. Marshal or deputy marshal to serve a copy of the Plaintiff's Complaint and summons upon Defendants as directed by Plaintiff on the USM Form 285s provided to him within 15 days of receiving them from Plaintiff, but in no case later than May 2, 2022. The U.S. Marshal or deputy marshal must immediately thereafter file proof of that service, or proof of his or her inability to execute service, with the Clerk of the Court. All costs of that service will be advanced by the United States. *See* Fed. R. Civ. P. 4(c)(3).

3) ORDERS Defendants POLLARD, PHILLIPS, LEWIS, and GARCIA, once served, to reply to Plaintiff's Complaint, and any subsequent pleading Plaintiff files in this matter in which Defendants are named as parties, within the time provided by the applicable provisions of Federal Rule of Civil Procedure 12(a) and Fed. R. Civ. P. 15(a)(3). *See* 42 U.S.C. § 1997e(g)(2) (once the Court has conducted its sua sponte screening pursuant to 28 U.S.C. § 1915A(b), and thus, has made a preliminary determination based on the face on the pleading alone that Plaintiff has a "reasonable opportunity to prevail on the merits," Defendants are required to respond).

4) ORDERS Plaintiff, after service has been effected by the U.S. Marshal, to serve upon Defendants POLLARD, PHILLIPS, LEWIS and GARCIA, or, if appearance has been entered by counsel, upon Defendants' counsel, a copy of every further pleading, motion, or other document submitted for the Court's consideration pursuant to Fed. R. Civ. P. 5(b). Plaintiff must include with every original document he seeks to file with the Clerk

of the Court, a certificate stating the manner in which a true and correct copy of that document has been was served on Defendants or their counsel, and the date of that service. *See* S.D. Cal. CivLR 5.2. Any document received by the Court which has not been properly filed with the Clerk, or which fails to include a Certificate of Service upon the Defendants, may be disregarded.

**IT IS SO ORDERED.**

Dated: 3/2/22

Hon. Jinsook Ohta
United States District Judge