UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALLEN EDWARDS,<br><br>                  Plaintiff,<br><br>v.<br><br>MARCUS POLLARD, et al.,<br><br>                  Defendants. | Case No.:  21-CV-1157-JO-WVG<br><br>**ORDER ON DEFENDANTS' MOTION TO AMEND THE SCHEDULING ORDER** |

      Before the Court is Defendants' Motion to Amend the Scheduling Order ("Motion"). (Doc. No. 35.) Defendants move the Court for (1) an extension of time to March 30, 2023, to respond to Plaintiff's February 14, 2023, First Amended Complaint ("FAC"); and (2) a continuance of the April 5, 2023, fact discovery cut-off. Defendants explain defense counsel requires additional time to confirm representation of newly added defendants, address the FAC specific to the newly added defendants, and "provide a single response for all Defendants, rather than one for existing defendants and another for new, unserved defendants." (*Id*., 2:3-7.) As to their fact discovery continuance request, Defendants explain "defense counsel has been unable to conduct all necessary discovery due to the demands of other matters." (*Id*., 2:23-24.)

The Court GRANTS IN PART and DENIES IN PART Defendants' Motion, and elaborates further below. First, however, the Court must address the procedural deficiencies in Defendant's instant filing. As a threshold matter, Defendants' Motion fails to specify whether Defendants provided advance notice of their filing to Plaintiff to inquire as to whether Plaintiff would join in the Motion. Evidently, Defendants failed to provide such notice and meet and confer with Plaintiff. Had Defendants done so, they could have filed a joint motion pursuant to Civil Local Rule 7.2(b), which would have excused Defendants from obtaining a hearing date prior to filing their motion. Instead, Defendants proceeded with filing the instant Motion without obtaining a hearing date and consequently violated Civil Local Rule 7.1(b). Defendants' oversight compounded their non-compliance under Civil Chambers Rule VI, which required Defendants to file an *ex parte* application, rather than a Motion, and provide advance notice of the *ex parte* filing to both Plaintiff and Chambers. Defendants' non-compliance is not well taken.

As to their responsive pleading continuance request, the Court GRANTS Defendants until March 30, 2023, to respond on behalf of all Defendants to the operative FAC. As to their fact discovery continuance request, the Court DENIES Defendants' request without prejudice. Defendants misconstrue Rule 16(b) of the Federal Rules of Civil Procedure by itemizing the various tasks defense counsel has completed *in other pending litigation*. Rule 16(b)'s diligence inquiry turns on what efforts a party seeking a continuance has made in the *instant* litigation to comply with existing deadlines. Defendants' Motion is devoid of such information. The Court thus finds a lack of good cause to support Defendants' fact discovery continuance request. Should they seek to renew their request, Defendants shall identify (1) all fact discovery-related tasks they have completed to date, (2) what fact discovery tasks remain outstanding as to each defendant; and (3) a proposed schedule for the fact discovery cut-off and any other deadlines in the operative Scheduling Order that may be affected by such continuance. Prior to making any further filings in this matter,

/ / /

/ / /

Defendants shall ensure they comply with all applicable rules, including, but not limited to, this District's Civil Local Rules and this Court's Civil Chambers Rules.

**IT IS SO ORDERED.**

Dated: March 6, 2023

                                                                                           _____
                                                                                           Hon. William V. Gallo
                                                                                           United States Magistrate Judge